Donald J. Weiss, Esq.
Law Office of Donald J. Weiss
Attorney for Plaintiff
363 Seventh Avenue, 4th Floor
New York, New York 10001
(212) 967-4440

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DERRICK MULLINS,

        Plaintiff,

-against-

CERELI INC. d/b/a MOLE and BANDE REAL ESTATE CORP.,

        Defendants.

Case No. 18CV5038

Plaintiff, DERRICK MULLINS (hereinafter "Plaintiff"), through his undersigned counsel, alleges, upon information and belief:

## COMPLAINT

1. This action is brought on behalf of the Plaintiff against defendants CERELI INC. ("Cereli") and BANDE REAL ESTATE CORP. ("Landlord") to enforce the statutory and regulatory provisions of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq. and its implementing regulations, 28 C.F.R. Part 36, the New York State Executive Law (the "Executive Law") § 296, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 42 U.S.C. §12182 and 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. §1367(a).

3. Venue is proper under 28 U.S.C. § 1391(b).

PARTIES

4. The Plaintiff has muscular dystrophy and uses a wheelchair for mobility.

5. Cereli owns and operates a self-described Mexican restaurant called "Mole" at the premises known and designated as 624 Hudson Street, New York, New York (the "Property").

6. The Landlord is the owner and/or lessor of the Property.

7. Mole occupies the Property pursuant to a written agreement with the Landlord.

8. Defendants are places of public accommodation covered by Title III of the ADA. 42 U.S.C. §§ 12181(7)(B), 12182(a); 28 C.F.R. §§36.104, 36.201. The defendants are also covered entities under the Executive Law and the Administrative Code.

GENERAL ALLEGATIONS

9. In early Spring, 2018, Plaintiff was a first time visitor to the area where the Property is located, known as the "Village", having traveled there to begin receiving medical treatment from a new doctor.

10. He loved the area so much, he became a frequent visitor to the neighborhood where the Property is located, eating and shopping at accessible businesses, as well as treating with his physician.

11. Plaintiff, while travelling with his friend, last sought to eat at Mole on April 29, 2018, but was unable to gain entry due to two steps at the entrance, which prevent access by wheelchair patrons.

12. In addition to the step at the entrance, numerous architectural barriers at Mole prevent or restrict access by individuals with disabilities.

13. An inspection of Mole was conducted, as hereinafter described, and barriers to access include, but are not limited to, the following:

Mole is situated at the corner of Hudson and Jane.  There are two steps at the door which extend approximately two feet onto the Hudson Street sidewalk.   The steps total thirteen inches in height.  There are no railings on either side to assist disabled patrons to navigate inside.

The following barriers are present at the entrance:

a) There is a rise of approximately 13 inches at the entrance, leaving Plaintiff with no way to enter the premises.

b) Rises over ½ inch within the accessible route prevent persons in a wheelchair from entering. Mole has no accessible route for Plaintiff to gain entry.

c) The steps at the door create a rise within the maneuvering clearance at the entrance that Plaintiff is unable to navigate in his wheelchair.

d) There is no level maneuvering clearance perpendicular to the door which would allow Plaintiff with a place to sit to pull the door open and enter.

Upon entry, there are a few tables in the window to the left and tables straight ahead to the right.  There is a bar on the left with bar stools. Most of the tables have a center leg and a pedestal base.  One side of the table has booth type seats around the perimeter of the room all the way to the back wall, which then continues along the back wall.  There is a single round table which offers seating for six, with a center leg in a large base.  There are no tables which provide an individual in a wheelchair with knee and toe clearance and the pedestals prevent someone in a wheelchair from rolling up under the table with adequate space for her knees and feet.  There is also outdoor seating which fails to provide any ADA accessible seating.

The following is therefore noted:

e) There is no accessible seating/tables in the either the inside or outside dining areas, as no table is deep enough for Plaintiff to pull up in his chair (30" deep), beneath a table, and no

clear floor space (30x48) is provided at a table so that his wheelchair does not obstruct the passage of wait staff and other patrons.

The bathrooms are downstairs. There are no toilet rooms on the main floor. There is a railing only on one side of the steps leading to the toilet rooms, making it more inaccessible to patrons who might navigate the stairs using both railings. Although one of the toilet rooms bears a sign indicating accessibility, there are no grab bars, the room is far too small to allow turning space for a wheelchair and there is a coat hook on the back of the door which is too high for plaintiff to reach. As a result:

j) There is no toilet room on the first floor so that it may be reached by Plaintiff, although public records indicate a first floor bathroom was present in 2000.

k) There are no railings on both sides of the stairs so that a disabled person may navigate downstairs to the only bathrooms provided by the restaurant.

l) There are no grab bars next to or behind the toilet as required by a disabled patron to use the toilet.

m) The toilet room does not provide sufficient space for Plaintiff to enter and turn to lock the door.

n) The toilet room has a hook on the door which is too high to be reached by the seated Plaintiff.

14. Plaintiff will continue to visit the Mole and will attempt to enter if the barriers to his enjoyment of the facilities have been removed.

15. It would be readily achievable for defendants to remove some or all of the barriers to access at Mole.

16. By failing to remove the barriers to access where it is readily achievable to do so, defendants have discriminated against individuals with disabilities in violation of sections 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. §12182(a), (b)(2)(A)(iv), and in violation of 28 C.F.R. § 36.304.

17. Defendants' failure to remove the barriers to access constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. §12188(b)(l)(B)(i) and 28 C.F.R.§ 503(a).

18. Defendants' failure to remove the barriers to access constitutes unlawful discrimination that raises an issue of general public importance within the meaning of 42 U.S.C. § 12188(b)(l)(B)(ii) and 28 C.F.R.§ 36.503(b).

19. Moreover, upon information and belief, defendants, or either of them, since January 26, 1992, have altered areas of the space occupied by Mole. Such alterations must be readily accessible to persons with disabilities to the maximum extent feasible. *See* 42 U.S.C. § 12183(a)(2). Notwithstanding the said alterations, the altered areas and paths of travel to those altered areas do not comply with the requirement that these services, features, elements, and spaces be readily accessible to and usable by individuals with disabilities.

20. The barrier to entry described above was witnessed by Plaintiff and all of the alleged barriers were discussed with Plaintiff prior to the filing of this action, and a photo depicting the steps at the entrance is annexed as Exhibit A.

21. Plaintiff has therefore suffered an injury-in-fact.

22. Upon information and belief, there are other potential violations and barriers to entry that will be discovered and disclosed during the discovery and disclosure process.

5

## COUNT ONE
### (Violation of Title III ADA)

23. Plaintiff incorporates all allegations heretofore set forth.

24. The barriers to access at Mole have effectively denied or diminished Plaintiff's ability to visit the Property and have caused embarrassment and frustration to the Plaintiff.

25. Defendants have discriminated against Plaintiff and others in that they have failed to make their public accommodation fully accessible to, and independently usable by, individuals who are disabled, in violation of 42 U.S.C. §12182(a) and §121282(b)(2)(iv).

26. Compliance with the requirements of the ADA would neither fundamentally alter the nature of Mole nor result in an undue burden to defendants.

27. Defendants could have removed some of the illegal barriers by i) ramping, with railings, the steps at the entrance; ii) purchasing ADA compliant tables; and iii) providing an ADA compliant wheelchair accessible toilet room.

28. Defendants' violations of the ADA have harmed, and will continue to harm, Plaintiff in the future by denying him his civil rights to enjoy the goods and services provided by Mole, as able bodied patrons are able to do.

## COUNT TWO
### (Violation of the Executive Law)

29. Plaintiff incorporates all allegations heretofore set forth.

30. Defendants have, and continue, to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation, all because he is disabled.

31  Defendants have discriminated against Plaintiff in violation of Executive Law §

6

296(2), by maintaining and/or creating an inaccessible place of public accommodation.

32. Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

33. It would not impose an undue hardship or undue burden on defendants to make their place of public accommodation fully accessible.

34. As a direct and proximate result of defendants' unlawful discrimination, in violation of the Executive Law, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

35. Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial.

### COUNT THREE
### (Violation of the Administrative Code)

36. Plaintiff incorporates all allegations heretofore set forth.

37. Defendants have subjected, and continue to subject, P1aintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation, all because of disability, in violation of Administrative Code § 8-107(4).

38. Defendants have discriminated against Plaintiff in violation of the Administrative Code § 8-107(4), and Local Law 58, by maintaining and/or creating an inaccessible place of public accommodation.

39. As a direct and proximate result of defendants' unlawful discrimination, in violation of Administrative Code, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

40. Defendants' failure to remedy the barriers to access hereinabove set forth reveals, at best, an indifference to the handicapped community, as well as a disregard of a law in effect since 1992.

41. By refusing to make its place of public accommodation accessible, defendants have unlawfully profited from their discriminatory conduct by receiving revenues from an unlawful space and then pocketing monies it should have lawfully used to make its place of public accommodation fully accessible. Defendants' unlawful profits plus interest must be disgorged.

42. Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial.

## INJUNCTIVE RELIEF

43. Plaintiff will continue to experience unlawful discrimination as a result of the defendants' failure to comply with the above-mentioned laws. Money damages alone are inadequate, and Plaintiff has been suffering, and will continue to suffer, irreparable injury. Therefore, injunctive relief is necessary to order the defendants to alter and modify their place of public accommodation and their policies, practices and procedures.

44. Injunctive relief is also necessary to make Mole readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws, in part, by compelling the defendants to i) ramp, with railings, the step at the Entrance; ii) purchase ADA compliant tables; and iii) providing an ADA compliant wheelchair accessible toilet room.

## DECLARATORY RELIEF

45. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by the defendants against Plaintiff as to the policies, practices, procedures,

facilities, goods and services.

## ATTORNEY'S FEES, EXPENSES AND COSTS

46. In order to enforce Plaintiff's rights against the defendants, Plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the defendants, in favor of Plaintiff, containing the following relief:

A. Enter declaratory judgment declaring that the defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to the defendants' place of public accommodation, and its policies, practices and procedures

B. Issue a permanent injunction ordering the defendants to remove all violations of the ADA, Executive Law and Administrative Code, including but limited to the violations set forth above;

C. Retain jurisdiction over the defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D. Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages, plus pre-judgment interest, as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

E. Award Plaintiff reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

F. Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

G. For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: June 5, 2018

*Donald J. Weiss*

Donald J. Weiss, Esq. (7619)
Attorney for Plaintiff
363 Seventh Avenue, 4th Floor
New York, NY 10001
(212) 967-4440